# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MIGUEL BRITO, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 14-10070-DJC |
| JAMES SABA, | ) ) | |
| Respondent. | ) ) ) | |

## ORDER

**CASPER, J.** June 4, 2014

Before the Court is the motion of state prisoner Miguel Brito ("Brito") in which he seeks relief from delay by the Commonwealth's appellate courts to adjudicate the appeal of the trial court's denial of his petition for a writ of habeas corpus. For the reasons below, the Court denies the motion in part and orders the respondent to reply to the remaining issues presented in the motion.

In September 1978, Brito was indicted for various crimes arising out of an incident on July 4, 1978, during which Brito and four others "pursued two young women on Route 495, stopped their vehicle, broke into it, and thereafter committed a multitude of crimes, including rape, kidnapping, unnatural rape, sodomy, armed robbery, assault and battery by means of a dangerous weapon, and assault with intent to murder." Commonwealth v. Brito, 390 Mass. 112, 113 (1983). After a jury-waived trial in 1979, Brito was convicted. See id. at 112.

In the present motion (D. 1) and memorandum in support thereof (D. 2), Brito represents that, in 2009, he filed in state court a petition for a writ of habeas corpus challenging this conviction on the ground that the Hispanics were systematically excluded form the grand jury venire that indicted him. The petition was denied by the Essex Superior Court on March 11, 2010 on the ground that M.G.L. ch. 258, § 1 may not be invoked by a prisoner who is challenging the validity of the conviction that is the basis of his incarceration. See Pet. Mem. (D. 2), Ex. 3i (order in Brito

1

v. Saba, Civil Docket # ESCV2009-02319 (Essex Sup. Ct. Mar. 10, 2010)). According to the docket of the Superior Court, Brito filed a notice of appeal with the trial court on March 28, 2010. See id., Ex. 3a at 2. The petitioner alleges that no action has been taken on his appeal, despite his numerous requests to the Commonwealth's Supreme Judicial Court to docket and adjudicate the appeal.

In the present motion, Brito asks that, in light of the delay in adjudicating his appeal, the Court either (1) find that the delay relieves him of the requirement to exhaust his claim in state court, see 28 U.S.C. § 2254(b)(1)(B), and allow him to bring his habeas claim concerning the composition of the grand jury venire directly before this Court; or (2) find that the delay in the adjudication of his habeas appeal violates his right to due process and order the Clerk of the Supreme Judicial Court to promptly resolve this matter. See Pet. Mot. (D. 1 at 2).

This action is not the first time that Brito has alleged in this Court that the composition of the grand jury venire that indicted him violated his right to due process. In Brito v. Saba, C.A. No. 11-40212-FDS (D. Mass.), Brito brought a petition under 28 U.S.C. § 2254 (" § 2254") raising the same claim. See id., Petition (D. 1). Because he had previously filed a § 2254 petition challenging the same conviction, he asked the Court for a stay while the First Circuit entertained his request for leave to file a second or successive § 2254 petition. See id., Pet. Mot. Stay (D. 9); see also id., Resp. Mem. (D. 8) (identifying Brito v. Vose, C.A. 84-1868 (D. Mass.) as Brito's first § 2254 petition challenging the 1979 convictions); 28 U.S.C. § 2244(b)(3)(A) (petitioner must seek leave from court of appeals to bring second or successive § 2254 petition). On January 23, 2012, the First Circuit denied the request, stating that the claim did not rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Brito v. Dickhaut, App. No. 11-2512 (1st Cir. Jan. 23, 2012) (quoting 28 U.S.C. § 2244(b)(2)(A)).

Because the Court is without jurisdiction to entertain an unauthorized second or successive § 2254 petition, see Burton v. Stewart, 549 U.S. 147, 152-53 (2007), the Court denies Brito's motion to the extent that he asks that the Court to allow him to file his petition in this Court prior to state appellate review of the dismissal of his habeas petition by the Essex Superior Court. There remains,

however, the question of whether this Court has jurisdiction to entertain Brito's separate claim that the alleged failure of the state appellate courts to adjudicate his appeal violated his right to due process, and, if so, whether such a violation occurred. The respondent shall address these issues and any other related matters.[1]

Accordingly:

(1) The motion (D. 1) is <u>DENIED</u> to the extent that the petitioner asks the Court to entertain his claim concerning the composition of the grand jury venire.

(2) The respondent shall, within forty-two (42) days of the date of this order, file an opposition or other response to the motion, responding only to the petitioner's argument that the alleged delay in the adjudication of the appeal <u>Brito v. Saba</u>, Civil Docket # ESCV2009-02319 (Essex Sup. Ct.), constitutes a violation of his right to due process, redressable by this Court.

(3) The motion for leave to proceed <u>in forma pauperis</u> (D. 4) is GRANTED.

**So ordered.**

    /s/ Denise J. Casper
United States District Judge

---

[1] Because the respondent's counsel has already entered an appearance and can access the motion and supporting memorandum electronically, the Court will not issue a separate service order.